***EFILED***
Case Number 2019CH000055
Date: 1/23/2019 11:33 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

Page 1 of 1, Case No. 19-

# IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
### MADISON COUNTY, ILLINOIS

| | |
|---|---|
| MAAG LAW FIRM, LLC, ) | 2019CH000055 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19- |
| ) | |
| THOMAS D. GIBBONS, in his official ) | |
| capacity as States Attorney of Madison ) | |
| County, Illinois, ) | |

## ENTRY OF APPEARANCE

Comes now Plaintiff Maag Law Firm, LLC, by and through its attorneys, and Enters Its

Appearance

Dated: January 23, 2019

Respectfully Submitted,
Maag Law Firm, LLC

By: s/Thomas G. Maag
Thomas G. Maag #6272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL 62095

Phone: 618-216-5291
tmaag@maaglaw.com

**EXHIBIT A**

***EFILED***
Case Number 2019CH000055
Date: 1/23/2019 11:33 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

Page 1 of 7, Case No. 19-

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | | |
|---|---|---|
| MAAG LAW FIRM, LLC, | ) | |
| | ) | 2019CH000055 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19- |
| | ) | |
| THOMAS D. GIBBONS, in his official | ) | |
| capacity as States Attorney of Madison | ) | |
| County, Illinois, | ) | |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Comes now Plaintiff Maag Law Firm, LLC, by and through its attorneys, and for its Complaint for Declaratory and Injunctive Relief, states as follows:

1. That Maag Law Firm, LLC, is a law firm in Illinois, practicing law in Illinois, including numerous felony and misdemeanor cases, in Illinois, venued in Madison County, Illinois.

2. At all times relevant, Thomas D. Gibbons is the lawful States Attorney for Madison County, Illinois, and is sued in his official capacity only.

3. That this action is brought for declaratory and injunctive relief, under 42 U.S.C. 1983. Plaintiff seeks no monetary damages or other relief, other than as allowed under 42 U.S.C. 1988.

4. At all times relevant, there exists an Illinois Supreme Court Rule, 415, which states, in sum total:

    Rule 415. Regulation of Discovery

    (a) Investigations Not to be Impeded. Except as is otherwise provided as to matters not subject to disclosure and protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall

Page 2 of 7, Case No. 19-

advise persons having relevant material or information (except the accused) to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel's investigation of the case.

(b) Continuing Duty to Disclose. If, subsequent to compliance with these rules or orders pursuant thereto, a party discovers additional material or information which is subject to disclosure, he shall promptly notify the other party or his counsel of the existence of such additional material, and if the additional material or information is discovered during trial, the court shall also be notified.

(c) Custody of Materials. Any materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and be used only for the purposes of conducting his side of the case, and shall be subject to such other terms and conditions as the court may provide.

(d) Protective Orders. Upon a showing of cause, the court may at any time order that specified disclosures be restricted or deferred, or make such other order as is appropriate, provided that all material and information to which a party is entitled must be disclosed in time to permit counsel to make beneficial use thereof.

(e) Excision. When some parts of certain material are discoverable under these rules, and other parts not discoverable, as much of the material should be disclosed as is consistent with the rules. Excision of certain material and disclosure of the balance is preferable to withholding the

whole. Material excised pursuant to judicial order shall be sealed, impounded and preserved in the records of the court, to be made available to the reviewing court in the event of an appeal.

(f) In Camera Proceedings. Upon request of any person, the court may permit any showing of cause for denial or regulation of disclosures, or portion of such showing, to be made in camera. A record shall be made of such proceedings. If the court enters an order granting relief following a showing in camera, the entire record of such showing shall be sealed, impounded, and preserved in the records of the court, to be made available to the reviewing court in the event of an appeal.

(g) Sanctions.

(i) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or an order issued pursuant thereto, the court may order such party to permit the discovery of material and information not previously disclosed, grant a continuance, exclude such evidence, or enter such other order as it deems just under the circumstances.

(ii) Wilful violation by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel to appropriate sanctions by the court.

Effective October 1, 1971.

Illinois Supreme Court Rule 415.

5. That Plaintiff does not challenge most of Rule 415, but only the portion of the rule that states,

> "Any materials furnished to an attorney pursuant to these rules shall remain in his exclusive custody and[.]"

6. That Defendant Gibbons, routinely, and if not in every case, in nearly every case, when responding to criminal discovery requests, including those made pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), in bold text, on the face of the disclosure, states:

> **NOTICE TO DEFENSE COUNSEL:** Discovery materials are provided to you in accordance with Supreme Court Rule 415. This material shall remain in your exclusive custody and shall not be given to the defendant or any other person. A failure to comply with Supreme Court Rule 415 may provide the People with a basis for sanctions allowed under that rule.

See Ex. A, attached hereto.

7. That it is the experience of Plaintiff that many, if not all of its criminal clients wish to see the discovery produced, and many, if not most, wish to acquire copies of same to review at home, in order to be better informed of their case, and to be able to more intelligently be able to analyze the information and ask questions of their attorneys.

8. That Illinois Rule of Professional Responsibility 1.4(a)(4) states that "A lawyer shall promptly comply with reasonable requests for information[]."

9. That while Plaintiff has no objection to providing copies of said discovery to its clients, and believes as a general proposition, a client is entitled to most, if not all, of a legal file, upon reasonable request, the Supreme Court Rule 415, as written, and as interpreted and threatened to be enforced by Defendant, literally prohibits the single most interested person in the discovery, the defendant in the criminal case, from being able to take possession of same, review same on his own time without involving the time and expense

of being in an attorney office, and being able to formulate the more useful questions for their attorney.

10. That a criminal defendant, especially a felony criminal defendant, is entitled, as part of Fourth and Fourteenth Amendment due process clauses, to certain discovery materials.

11. In addition, a criminal defendant, especially a felony criminal defendant, is entitled, under the Sixth and Fourteenth Amendments, to have the *assistance* of counsel.

12. In addition, both Plaintiff, and its clients have a right, under the First and Fourteenth Amendments, to exchange information between themselves, barring an actual legitimate privilege.

13. That while Plaintiff has, to date, fastidiously complied with Rule 415, in all respects, Plaintiff believes that continuing to do so is hampering its ability to fully and zealously represent its clients, is interfering with the ability to have full and frank discussions with its clients, is violating the rights of its clients to full discovery in their cases, and is frankly, interfering with the administration of justice.

14. That the foregoing regime violates the First, Fourth, Sixth, and the Fourteenth Amendments, to the Constitution of the United States.

15. That Plaintiff seeks declaratory relief that Illinois Supreme Court Rule 415(c), is unconstitutional, as applied to an attorney and a criminal client who is represented by that attorney, and that Plaintiff may provide to its criminally charged clients copies of discovery materials provided by the Defendant, and that Defendant is enjoined from taking any steps whatsoever against Plaintiff, or any attorney employed by Plaintiff, including but not limited to seeking sanctions under Rule 415, or failing and/or refusing to provide full disclosures in the future, based upon Plaintiff, or its attorneys, providing to

Page 6 of 7, Case No. 19-

its clients, copies of discovery materials produced by the Defendant in the client's own cases.

WHEREFORE, Plaintiff Maag Law Firm, LLC, humbly requests that this Court find Supreme Court Rule 415(c), as applied to Maag Law Firm, LLC, and the provision of discovery documents to said firm's clients, unconstitutional, and enjoining Defendant Thomas D. Gibbons, in his official capacity, as States Attorney of Madison County, Illinois, from taking any steps whatsoever against Plaintiff, or any attorney employed by Plaintiff, including but not limited to seeking sanctions under Rule 415, or failing and/or refusing to provide full disclosures in the future, based upon Plaintiff, or its attorneys, providing to its own clients, copies of discovery materials produced by the Defendant in the client's own cases, plus costs and attorney fees, pursuant to 42 USC 1988, and such other, further and different relief as allowed by law.

Dated: January 23, 2019

Respectfully Submitted,
Maag Law Firm, LLC

By:s/Thomas G. Maag
Thomas G. Maag #6272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL 62095

Phone: 618-216-5291
tmaag@maaglaw.com

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS  )
                                 )
VS.                              ) N
                                 )
                                 )
                   Defendant     )

### ANSWER TO DEFENDANT'S MOTION FOR DISCOVERY COMPLIANCE PURSUANT TO SUPREME COURT RULE 412

NOW COME the People of the State of Illinois, by Thomas D. Gibbons, State's Attorney in and for Madison County, Illinois, and pursuant to the provisions of Illinois Supreme Court Rule 412, discloses to defense counsel any material and information required to be disclosed under this rule that is within the possession or control of the People of the State of Illinois.

Attached hereto are p

Further, it is stated that:

1. The State shall perform these obligations under this rule as soon as practicable following the filing of a motion by defense counsel in a manner mutually agreeable to itself and defense counsel or by (i) notifying defense counsel that material and information, described in general terms, may be inspected, obtained, tested, copied, or photographed, during specified reasonable times; and (ii) making available to defense counsel at the time specified such material and information, and suitable facilities or other arrangements for inspection, testing, copying and photographing of such material and information.

2. That the offense took place at the time and place indicated in the reports;

3. That the State will abide in its continuing duty to disclose.

4. **NOTICE TO DEFENSE COUNSEL: Discovery materials are provided to you in accordance with Supreme Court Rule 415. This material shall remain in your exclusive custody and shall not be given to the defendant or any other person. A failure to comply with Supreme Court Rule 415 may provide the People with a basis for the sanctions allowed under that rule.**

Respectfully submitted,
THOMAS D. GIBBONS
STATE'S ATTORNEY
MADISON COUNTY, ILLINOIS

By: _____
    State's Attorney

Page 1 of 4

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | | | For Court Use Only |
|---|---|---|---|
| Madison COUNTY | | **SUMMONS** | |

**Instructions** ▼

Enter above the county name where the case was filed.

Enter your name as Plaintiff/Petitioner.

Maag Law Firm, LLC
Plaintiff / Petitioner (First, middle, last name)

Enter the names of all people you are suing as Defendants/Respondents.

v.

Thomas D. Gibbons, in his official capacity as States Attorn
Defendant / Respondent (First, middle, last name)

2019CH000055

19-_____
Case Number

Enter the Case Number given by the Circuit Clerk.

In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent.

1. **Information about the lawsuit:**
   Amount claimed: $0.00

In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form.

2. **Contact information for the Plaintiff/Petitioner:**
   Name (First, Middle, Last): Maag Law Firm, LLC
   Street Address, Apt #: 22 West Lorena Avenue
   City, State, ZIP: Wood River, IL 62095
   Telephone: (618) 216-5291
   ☐ See attached for additional Plaintiff/Petitioner contact information

In 3, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form.

3. **Contact information for the Defendant/Respondent:**
   Name (First, Middle, Last): Thomas D. Gibbons
   Street Address, Apt #: 157 North Main Street
   City, State, ZIP: Edwardsville, IL 62025
   Telephone: _____
   ☐ See attached for additional Defendant/Respondent contact information

**Important Information for the person receiving this form:**

You have been sued.
Follow the instructions on the next page on how to appear/answer.
- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees*.
You should read all of the documents attached.

SU-S 1503.1                    Page 1 of 4                    (09/18)

Enter the Case Number given by the Circuit Clerk: 19-_____

| | |
|---|---|
| In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response. | **4. Instructions for person receiving this form (Defendant/Respondent):**<br>To respond to this *Summons* you must:<br>☐ Go to court:<br>   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>   Address: _____ Court Room: _____<br>   City, State, ZIP: _____<br><br>☐ File a written *Appearance* and *Answer/Response* with the court:<br>   On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>   Address: _____<br>   City, State, ZIP: _____<br><br>☒ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").<br>   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.<br>   Address: **155 N MAIN ST**<br>   City, State, ZIP: **EDWARDSVILLE, IL 62025** |
| **STOP!**<br>The Circuit Clerk will fill in this section. | **Witness this Date:** 1/23/2019<br><br>**Clerk of the Court:** /s/ Mark Von Nida   Clerk of the Circuit Court |
| **STOP!**<br>The officer or process server will fill in the Date of Service. | This *Summons* must be served within 30 days of its date, listed above.<br><br>Date of Service: _____<br>*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)* |
| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |
| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp, or talk with your local circuit clerk's office. |

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | For Court Use Only |
|---|---|---|
| Madison COUNTY | | |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | Maag Law Firm, LLC | |
| | Plaintiff / Petitioner (First, middle, last name) | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v. | |
| | Thomas D. Gibbons, in his official capacity as States Attorn | 19- |
| Enter the Case Number given by the Circuit Clerk. | Defendant / Respondent (First, middle, last name) | Case Number |

**Stop. Do not complete the form. The sheriff will fill in the form.**

DO NOT complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
           First, Middle, Last

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
First, Middle, Last

☐ Personally on the Defendant/Respondent:
   Male: ☐  Female: ☐  Approx. Age: _____ Hair Color: _____
   Height: _____ Weight: _____
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____
   And left it with: _____
                    First, Middle, Last
   Male: ☐  Female: ☐  Approx. Age: _____
   and by sending a copy to this defendant in a postage-paid, sealed envelope to the above address on _____, 20 _____.

☐ On the Corporation's agent, _____
                              First, Middle, Last
   On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
   Address: _____
   City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk: 19-_____

| DO NOT complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____
*Signature*

_____
*Print Name*

**FEES**

By certified/registered   $ _____
Service and Return   $ _____
Miles: _____   $ _____
Total   $ _____

Print Form   Save Form   Reset Form

\*\*\*EFILED\*\*\*
Case Number 2019CH000055
Date: 1/24/2019 11:18 AM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

Page 1 of 1, Case No. 19-CH-55

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | |
|---|---|
| MAAG LAW FIRM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CH-55 |
| | ) |
| THOMAS D. GIBBONS, in his official | ) |
| capacity as States Attorney of Madison | ) |
| County, Illinois, | ) |

### MOTION TO APPOINT PROCESS SERVER

Comes now Plaintiff Maag Law Firm, LLC, by and through its attorneys, and hereby moves this Honorable Court for an order appointing Willy Hadley, who is under no legal disability and not interested in this case, as a process serve.

Dated: January 23, 2019

Respectfully Submitted,
Maag Law Firm, LLC

By:s/Thomas G. Maag
Thomas G. Maag #6272640
Maag Law Firm, LLC
22 West Lorena Avenue
Wood River, IL 62095

Phone: 618-216-5291
tmaag@maaglaw.com

Page 1 of 1, Case No. 19-CH-55

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

| | |
|---|---|
| MAAG LAW FIRM, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-CH-55 |
| THOMAS D. GIBBONS, in his official capacity as States Attorney of Madison County, Illinois, | ) ) ) ) |

## ORDER

For good cause shown, Willy Hadley appointed as special process server.

Dated: _____            _____

Page 1 of 1, Case No. 19-CH-55

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

FILED
JAN 2.5 2019
CLERK OF CIRCUIT COURT #3
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

MAAG LAW FIRM, LLC, )
)
   Plaintiff, )
)
v. ) Case No. 19-CH-55
)
THOMAS D. GIBBONS, in his official )
capacity as States Attorney of Madison )
County, Illinois, )

### ORDER

For good cause shown, Willy Hadley appointed as special process server.

Dated:_____        */s/ Stephen A. Stobbs*

A true copy of the original on file in my office
Attested to this 14 day of Feb 20 19
MARK VON NIDA
Clerk of the Circuit Court, 3rd Judicial Circuit
Madison County, Illinois
By _____ Deputy Clerk

```
MARK VON NIDA, CIRCUIT CLERK, CLERK OF THE CIRCUIT COURT, MADISON COUNTY, EDWARDSVILLE, ILLINO
    Case #: 2019-CH-000055                                          Rcpt #:   38666581
    Payor: PLAINTIFF
    MAAG LAW FIRM LLC
                                                         MAAG THOMAS G
                                                         MAAG LAW FIRM
                                                         22 W LORENA AVE
                                                         WOOD RIVER        IL 62095-0000


   Itm Curr Charge   Description                   __Qty_ Who
   001       9.00    Copies                         151001 MAAG LAW FIRM LLC
   002       6.00    Certified Copies                11001 MAAG LAW FIRM LLC
   Tot      15.00
   Payment Descriptions   Curr Payment  Tot. Paid  Tot. Due
   COPIES (FLAT RATE)            9.00       9.00       .00
   CERTIFIED COPIES              6.00       6.00       .00
                      Tot      15.00      15.00       .00  Curr Charge       15.00
                                                           Curr Payment      15.00
                                                           Bond Used           .00
       Cash Amt     15.00 Check Amt       .00             Tot. Tender        15.00
                                                           Change Due          .00
   By: _____
   Deputy Clerk:  AT   Z133              Batch 02141-002  Date  2/14/2019 Time13/29/43
```