IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MAAG LAW FIRM, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-225-SMY |
| | ) |
| **THOMAS D. GIBBONS, in his official capacity as States Attorney of Madison County, Illinois,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff the Maag Law Firm LLC ("MLF") filed this action pursuant to 42 U.S.C. § 1983 against Defendant Thomas D. Gibbons, in his official capacity as State's Attorney of Madison County, Illinois. Now pending before the Court is Defendant's Motion for Summary Judgment (Doc. 23). Plaintiff has not filed a response. For the following reasons, the Motion is **GRANTED**.

## Factual Background

Illinois Supreme Court Rule 415 was enacted by the Illinois Supreme Court and became effective on October 1, 1971 (Doc. 23-1). Under the Rule, any materials furnished to an attorney shall remain in his exclusive custody, shall be used only for the purposes of conducting his side of the case, and shall be subject to such other terms and conditions as the court may provide. *Id*. Failure to comply with the Rule could result in sanctions by the court.

*Id.* Gibbons and Assistant Madison County State Attorneys provide the following notice to criminal defense counsel:

> NOTICE TO DEFENSE COUNSEL: Discovery materials are provided to you in accordance with Supreme Court Rule 415.  This material shall remain in your exclusive custody and shall not be given to the defendant or any other person.  A failure to comply with Supreme Court Rule 415 may provide the People with a basis for sanctions allowed under that Rule.

MLF, whose practice areas include felony and misdemeanor cases in Madison County, claims its criminal defendant clients' constitutional rights are violated by Illinois Supreme Court Rule 415(c)'s requirement that discovery materials remain in the exclusive custody of defense counsel.

## Discussion

Gibbons asserts that he is not a proper party because his office neither promulgated nor enforces Rule 415 – it merely provides notice to defense counsel of the requirements of Rule 415 when producing discovery materials and has no authority to unilaterally sanction MLF. Gibbons further argues that MLF lacks standing, both in its individual capacity and under prudential considerations, to assert a claim under § 1983 for constitutional violations allegedly suffered by its clients.

Pursuant to Local Rule 7.1(c), the "[f]ailure to timely file an answering brief to a motion may, in the court's discretion, be considered an admission of the merits of the motion."  SDIL–LR 7.1(c).  And, when a non-moving party fails to respond to a motion for summary judgment, a court has no choice but to deem the moving party's factual assertions as true and grant summary judgment in its favor.  See, *Heft v. Moore,* 351 F.3d 278, 283 (7th Cir.2003).  Here, as MLF failed to respond to the pending motion for summary judgment, it has surrendered its opportunity to avoid dismissal of its claims.

The Court deems Plaintiff's failure to respond as an admission of the merits of the motion and **GRANTS** Defendant's Motion for Summary Judgment (Doc. 23). Accordingly, this case is **DISMISSED with prejudice** and the Clerk of Court is **DIRECTED** to enter judgment accordingly. All pending motions are terminated as moot.

**IT IS SO ORDERED.**

**DATED:  April 24, 2020**

**STACI M. YANDLE**
**United States District Judge**